The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie L. Dollar and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence in this matter. Upon reconsideration of the evidence of record, the Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On the date of the injury giving rise to this claim the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time an employment relationship existed between plaintiff and defendant-employer.
3. Defendant was a duly qualified self-insured, with Hewitt, Coleman Associates serving as the adjusting agent.
4. On 21 April 1992, the date of injury, plaintiff's average weekly wage was $238.40, which yields a compensation rate of $158.00.
5. Plaintiff's claim was initially accepted as a medical only claim from the date of injury until 8 August 1992, when plaintiff was released from treatment by Dr. Paul A. Brezicki.
6. There is no dispute regarding the compensation paid to plaintiff prior to 8 August 1992.
7. The issue to be determined at the initial hearing before Deputy Commissioner Dollar was whether plaintiff was entitled to compensation for treatment after 8 August 1992.
* * * * * * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of arguments before the Full Commission, plaintiff was a forty-seven year old female who on the 21 April 1992 was employed at the Valdese Manufacturing Plant in Valdese, North Carolina.
2. On 21 April 1992, plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of her employment, when she was hit by a forklift and dragged approximately one (1) foot.
3. Immediately following the plaintiff was taken to Valdese General Hospital where she was admitted overnight for tests and observation. Plaintiff was examined by Dr. Paul A. Brezicki, a family practitioner working at the Valdese Doctor's Clinic in the Valdese General Hospital. Following his examination, Dr. Brezicki diagnosed plaintiff, who was in great pain, as suffering an injured neck as well as sustaining a non-displaced fracture of the left distal radius, a head injury, numerous contusions and a scalp laceration. Further, in his notes of that date, 21 April 1992, Dr. Brezicki documents that plaintiff was experiencing pain in her entire cervical region, along with spasms of both the paracervical and cervical trapezius muscles.
4. On 22 April 1992, plaintiff was removed from work by Dr. Brezicki and limited to bed rest. Plaintiff was given pain medication and muscle relaxants in an attempt to ease her pain and Dr. Brezicki recommended physical therapy and referred her to Carolina Physical Therapy in Hickory.
5. Although the physical therapy brought limited relief, plaintiff soon found that shortly after each session her pain was actually worse, with shooting pain in the neck, back and arms.
6. On 28 April 1992 Dr. Brezicki released plaintiff to return to light duty work and plaintiff was assigned to a suitable position in defendant-employer's personnel office, where she worked for approximately two to three weeks. During this period plaintiff remained in constant neck pain for which she wore a brace, with developing pain in her left arm and shoulder. Eventually, despite the ongoing pain, plaintiff attempted a return to her former job and duties.
7. During the period leading up to August 1992, plaintiff's condition continued to decline. She informed Dr. Brezicki that her pain and symptoms were gradually getting worse. Plaintiff also began to experience numbness in her arm as well as in the thumb and index finger of her left hand. This numbness progressed to the point where plaintiff at times was unable to hold things and she described the sensation as feeling as though she had lost control of her hand. Dr. Brezicki prescribed more medication and recommended more tests, but these did not relieve plaintiff's symptoms. As this course of ineffective treatment continued, plaintiff began to lose confidence in Dr. Brezicki. On 6 August 1992 Dr. Brezicki released plaintiff without consulting a neurological expert.
8. Plaintiff reported her declining physical condition and increasing pain to Ms. Ann Campbell, defendant-employer's Personnel Manager, who corroborated that plaintiff had done so on at least two occasions. Mr. Eddie Woods, defendant-employers Quality Control Manager, also acknowledges that plaintiff had continued to report that her physical condition was worse.
9. In an effort to relieve her symptoms resulting from her injury by accident, plaintiff sought additional medical care from her family doctors at Caldwell Family Physicians and arranged to see a neurologist. Plaintiff eventually was referred to Dr. Larry Boyles a neurologist by Vocational Rehabilitation in Hickory on 26 January 1993. Throughout Dr. Boyles' treatment of plaintiff, her condition continued to get worse. Dr. Boyles received her history and over an extended period of tests and examinations found the following: narrowing of the C4 through C7 intervertebral disc spaces along plaintiff's cervical spine; non-filling of the nerve root into the neural canal at the C6-C7 level; and left paracentral disc herniation also at the C6-C7 level. On 12 May 1993 Dr. Boyles recommended that plaintiff undergo a myelography and consider surgery a possible option.
10. On 28 June 1993 plaintiff was admitted to Frye Regional Medical Clinic in Hickory with a diagnosis of herniated nucleus pulposus at C6-C7, such condition being the result of the 21 April 1992 injury by accident. To relieve plaintiff's symptoms, Dr. David M. Jones performed an anterior diskectomy. Dr. Jones' surgical notes indicate that the C6-C7 disk had significantly degenerated leaving disk fragments impacted along the posterior longitudinal ligament.
11. Following the procedure plaintiff's cervical spine had returned to its proper position and alignment. On 19 October 1993 Dr. Jones gave plaintiff a ten (10) percent permanent partial disability rating to the cervical region of her neck and/or back.
12. From the date plaintiff was released from the care of Dr. Brezicki on 6 August 1992 to the date of the surgical procedure on 28 June 1991, plaintiff was forced to work so that she could pay her medical and other bills, but could do so only with the continuous aid of prescription pain medication.
13. Plaintiff's former treating physician, Dr. Paul Brezicki, is a family practitioner and not a neurological expert. However, even Dr. Brezicki acknowledged that the type of injury plaintiff had experienced at work could cause the type of disk injury for which plaintiff had surgery in June of 1993.
14. The medical treatment sought and received by plaintiff from Dr. Larry Boyes and Dr. David Jones was reasonably necessary to effect a cure, provide relief and to lesson her period of disability following the 21 April 1992 injury by accident arising out of and in the course of her employment with defendant-employer.
15. As the result of plaintiff's compensable injury by accident and resulting surgery, Dr. Jones gave plaintiff a ten (10) percent permanent partial disability rating of the back on 19 October 1993.
* * * * * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained an admittedly compensable injury by accident on 21 April 1992 for which she was provided medical care by Dr. Paul Brezicki through 6 August 1992. G.S. § 97-2 (6).
2. As the result of the 21 April 1992 compensable injury by accident plaintiff retains a ten (10) percent permanent partial disability rating to her back for which she is entitled to be paid by defendant permanent partial disability compensation at the rate of $158.00 per week beginning from 19 October 1993 and continuing for thirty (30) weeks, this being subject to the attorney's fee approved herein. G.S. § 97-31.
3. As the result of the compensable injury by accident of 21 April 1992, plaintiff obtained medical treatment, including surgery, from Dr. Larry Boyles and Dr. David Jones which was reasonably necessary to effect a cure, provide relief or lesson her period of disability, and for which defendant is liable for the expenses thereof. G.S. § 97-25.
4. Plaintiff is entitled to have paid by defendant all other reasonable medical expenses incurred or to be incurred as the result of the compensable injury by accident of 21 April 1992.Id.
* * * * * * * * * * * * * * *
Based on the foregoing finding of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay permanent partial disability compensation at the rate of $158.00 per week beginning from 19 October 1993 and continuing for thirty (30) weeks as the result of plaintiff's ten (10) percent permanent partial disability rating of the back.
2. Defendant shall pay for the medical treatment provided by Dr. Larry Boyles and Dr. David Jones, such treatment being reasonably necessary to effect a cure, provide relief or lessen plaintiff's period of disability, when bills for the same have been submitted to defendant and approved pursuant to procedures established by the Industrial Commission.
3. Defendant shall pay all other reasonable medical expenses incurred or to be incurred when bills for the same have been submitted to defendant and approved pursuant to procedures established by the Industrial Commission.
4. Defendant shall pay a reasonable attorney's fee of twenty-five (25) percent of the compensation awarded to plaintiff herein. That amount having accrued shall be deducted from said award and paid directly to plaintiff's counsel who shall thereafter receive every fourth check payable to plaintiff pursuant to the above award.
5. Defendants shall pay the costs due the Commission.
 S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________ COY M. VANCE COMMISSIONER
DISSENTING:
S/ _______________________ DIANNE C. SELLERS COMMISSIONER